David B. Paradis, OSB No. 853016
Brophy, Schmor, Brophy,
Paradis, Maddox & Weaver, LLP
P.O. Box 128
Medford, OR 97501
T: (541) 772-7123
F: (541) 772-7249
E: dparadis@brophylegal.com
Attorney for Plaintiffs

*Of Counsel:*
Todd A. Rowden
Raymond J. Stewart
Thomas J. Hayes
THOMPSON COBURN LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603
ARDC No. 6201929
T: (312) 346.7500

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARIO ROEDERER ,<br><br>               Plaintiff,<br><br>v.<br><br>ADAM TREISTER, individually, and TREE STAR INC., an Oregon corporation,<br><br>               Defendants. | CIVIL CASE NO. 0:13-cv-1021<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Mario Roederer ("Roederer"), by his attorneys, for his Complaint against Defendants Tree Star, Inc. ("Tree Star"), an Oregon corporation, and Adam Treister ("Treister"), individually (Tree Star and Treister will collectively be referred to as "Defendants"), alleges as follows:

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR 97501

## Parties, Jurisdiction and Venue

1.    Roederer is an individual and citizen of Washington, D.C.

2.    Treister is an individual and citizen of Ashland, Oregon.

3.    Tree Star is a citizen of Oregon because it is a corporation organized under the laws of Oregon with its principal place of business in Ashland, Oregon.  Tree Star is the manager of FlowJo, LLC, which is an Oregon manager-managed limited liability company with its principal place of business in Ashland, Oregon.

4.    This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1) because (i) there is complete diversity of citizenship, and (ii) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as against each Defendant.

5.    Venue within this judicial district is proper because (i) Section 10.12 of the FlowJo, LLC Operating Agreement mandates that venue be in Oregon, (ii) all Defendants reside in Oregon and one or more of the Defendants reside in this judicial district, (iii) one or more of the Defendants is subject to personal jurisdiction in this judicial district, and (iv) a substantial part of the events giving rise to Roederer's claims identified herein occurred within this judicial district.

## Allegations Common to All Counts

### The 1997 Agreement

6.    On or about June 23, 1997, Roederer and Treister, on behalf of Tree Star, Inc., voluntarily entered into an agreement to facilitate development and marketing of the FlowJo software products (the "1997 Agreement").

7.    Under the 1997 Agreement, gross revenue earned from FlowJo licensing was paid directly to Tree Star.  From approximately June 1997 through November 2007, Tree Star, on a quarterly basis, retained 15% of net profits to cover overhead costs and distributed the remaining net profits to Roederer and Treister, on behalf of Tree Star, on a 50% - 50% basis.

//

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
Attorneys at Law
PO Box 128
Medford, OR  97501

Complaint - 2

1

## FlowJo, LLC Operating Agreement

2      8.      On or about January 18, 2005, FlowJo, a manager-managed limited liability

3   company, was organized under the Oregon Limited Liability Company Act (the "Act").

4      9.      FlowJo was created to hold all intellectual property, including the original

5   FlowJo patent license, software, technical support systems, registered domain names and

6   general "know-how" related to FlowJo software.

7      10.      On or about February 14, 2006, Roederer and Treister, as the co-founders,

8   owners and only two members of FlowJo, voluntarily executed the FlowJo Operating

9   Agreement.  A true and correct copy of the FlowJo, LLC Operating Agreement is attached

10   hereto as Exhibit A.

11      11.      Roederer and Treister each hold a 50% membership interest in FlowJo.

12      12.      Tree Star is the manager of FlowJo.  Treister, as president and owner of Tree

13   Star, executed the FlowJo Operating Agreement on behalf of Tree Star.

14      13.      Treister makes all operational and management decisions for Tree Star in its

15   capacity as manager of FlowJo.

16      14.      Section 4.6.1 of the Operating Agreement provides in relevant part:

17
18      The Manager shall not have the authority to, and covenants and agrees that the
      Manager shall not, do any of the following acts without the unanimous consent
      of the members:

19
20      (a)      Knowingly do any act in contravention of this Agreement or
      without the consent of the members as required by this Agreement;

21
22      (d)      Possess Company property, or assign rights in specific Company
      property, for other than a Company purpose;

23
24      15.      Pursuant to Section 4.9 of the Operating Agreement, Tree Star's liability cannot
   be eliminated nor can it be limited in the event of any of the following:

25
26      (a)      Any breach of the Manager's duty of loyalty to the Company or
      its member as described in this Agreement;

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
Attorneys at Law
PO Box 128
Medford, OR  97501

Complaint - 3

(b)    Acts or omissions not in good faith which involve intentional misconduct or a knowing violation of the law;

(c)    Any unlawful distribution under the Act; or

(d)    Any transaction from which the Manager derives an improper personal benefit.

16.    Pursuant to Section 4.10 of the Operating Agreement, the compensation paid to Tree Star is to be determined by both Roederer and Treister.  Section 4.10 provides as follows:

The Manager shall be entitled to reasonable compensation for its services, as may be determined from time to time by the members.

Under the Operating Agreement, unanimous consent by both Roederer and Treister is required to adjust compensation to Tree Star.

17.    Pursuant to Article 6 of the Operating Agreement, the gains and losses in FlowJo are to be allocated according to the member's respective ownership interests, which are equal 50% ownership interests held by Roederer and Treister.  Article 6 provides as follows:

All items of income, gain, loss, deduction, and credit shall be allocated among all members in proportion to each member's respective ownership interests. Annual, monthly, or other interim distributions shall be payable to the members according to the member's respective ownership interest, as determined in the sole discretion of the Manager; provided, however, that no distribution shall render the LLC insolvent or otherwise unable to satisfy debts as they may come due.

18.    The execution of the Operating Agreement effectively superseded the 1997 Agreement.

**Treister's and Tree Star's Unilateral and Unauthorized Distributions to Tree Star**

19.    Treister, as the owner and president of Tree Star, had and continues to have complete operational control of Tree Star.

20.    Since approximately 2005, all gross revenue earned from FlowJo software licensing and sales was paid directly to FlowJo.  As the manager of FlowJo, Tree Star would, in

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR  97501

Complaint - 4

1  effect, negotiate with the FlowJo for a fixed or percentage fee to cover salaries and expenses
2  related to the operation of FlowJo.

3     21.    Tree Star retained 15% of net profits and distributed the remaining net profits to
4  Roederer and Treister on a 50% - 50% basis.

5     22.    The purpose of Tree Star's retention of the 15% of net profits was to cover
6  overhead related costs incurred by Tree Star in the facilitation of development and marketing of
7  FlowJo software.

8     23.    From approximately 1997 until 2007, Tree Star continued to retain 15% of net
9  profits from the licensing and sales of FlowJo related software for overhead related costs and
10 distribute the remainder of the net profits to Roederer and Treister on a 50% - 50% basis.

11    24.    In approximately November 2007, Treister and Tree Star unilaterally and
12 without approval of Roederer increased the distribution of FlowJo's net profits from the
13 licensing and sales of FlowJo related software paid to Tree Star from 15% to 50%.
14 Consequently, this increase in net profits paid to Tree Star resulted in a reduction of net profit
15 distributions to Roederer.

16    25.    This unilateral mandate that 50% of net profits be paid to Tree Star continued
17 from November 2007 until October 2012.

18    26.    On several occasions, Roederer objected to the Tree Star's wrongful retention of
19 net profits generated from the licensing and sales of FlowJo software products.

20    27.    On or about October 2012 through the present, Treister and Tree Star
21 unilaterally and without the consent of Roederer increased the distribution of net profits paid to
22 Tree Star from 50% to 75%. Again, this increase in net profits paid to Tree Star resulted in a
23 reduction of net profit distributions to Roederer.

24    28.    Any increase in the overhead costs incurred by Tree Star between November
25 2007 and October 2012 did not require nor did it justify an increase from 15% of net profits to
26 50% of net profits paid to Tree Star.

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR 97501

Complaint - 5

29.    Any increase in the overhead costs incurred by Tree Star between October 2012 and the present date does not require nor does it justify an increase from 50% of net profits to 75% of net profits paid to Tree Star.

30.    Treister and Tree Star provided an explanation for their decision to increase distributions of net profits from 15% to 75% between November 2007 and the present date, which such explanation was unsatisfactory to Roederer and Roederer did not agree to the increase.

31.    Treister and Tree Star did not have the consent of Roederer for increasing distributions of net profits to Tree Star on flat-rate basis or any basis.

32.    At no time did Tree Star and Treister ever obtain Roederer's consent or approval to increase the net profit distributions as compensation to Tree Star and Roederer objected to the same.

33.    Nothing in the Operating Agreement permits Treister or Tree Star to increase the percentage of distributions or compensation to Tree Star without Roederer's consent.

34.    This distribution scheme significantly reduced the net profit distributions payable to Roederer and increased the net profits payable to Tree Star and through Tree Star to Treister.  In essence, Tree Star's distribution scheme directly benefitted Tree Star and Treister personally, because Treister, through Tree Star, retained the increased net profit distributions.

35.    Treister's and Tree Star's intentional diversions of net profits to Tree Star were not in good faith, as the consent of Roederer for such increases was required, but not received.

36.    As the owner of Tree Star, Treister is solely responsible for withholding the net profit distributions owed to Roederer under the terms of the Operating Agreement.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Treister and Tree Star)

37.    Plaintiff hereby incorporates by reference in this Paragraph the allegations contained in Paragraphs 1 through 36 of this Complaint.

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR  97501

Complaint - 6

1      38.     The Operating Agreement constitutes a valid and binding contract, enforceable

2 against Treister and Tree Star in accordance with the terms set forth in the Operating

3 Agreement.

4      39.     Roederer has performed all obligations and conditions required of him under the

5 Operating Agreement.

6      40.     In violation of Section 4.6.1(a) of the Operating Agreement, Treister and Tree

7 Star did not obtain Roederer's consent prior to increasing the net profit distributions to Tree

8 Star and decreasing net profit distributions to Roederer. Treister's and Tree Star's unilateral

9 diversions of net profits without the consent of Roederer were in direct contravention of the

10 Operating Agreement.

11      41.     In violation of Section 4.6.1(d) of the Operating Agreement, Treister and Tree

12 Star assigned rights in specific FlowJo property, namely the net profits, to Tree Star for the

13 benefit of Treister, which is a non-company related purpose. Again, these measures were taken

14 without Roederer's consent.

15      42.     In violation of Section 4.9 of the Operating Agreement, Treister and Tree Star

16 acted in bad faith by intentionally increasing the distributions of net profit to Tree Star without

17 the consent of Roederer. Such acts resulted in Treister deriving an improper personal benefit.

18      43.     In violation of Section 4.10 of the Operating Agreement, Treister and Tree Star

19 improperly increased Tree Star's compensation in the form of distributions of the net profits

20 without the consent of Roederer.

21      44.     Upon information and belief, Treister and Tree Star improperly diverted and

22 misappropriated net profits owed to Roederer for the benefit of Tree Star and the individual

23 benefit of Treister.

24      45.     As a direct and proximate result of Treister's and Tree Star's breach of Sections

25 4.6(a), 4.6.1(d), 4.9 and 4.10 of the Operating Agreement, Roederer incurred damages in the

26 form of lost monetary distributions and proceeds that were contractually owed to Roederer.

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR 97501

Complaint - 7

46.     Roederer has been damaged and will continue to be damaged by Treister's and Tree Star's breach of the Operating Agreement.

## SECOND CLAIM FOR RELIEF
### (Accounting Against Treister and Tree Star)

47.     Plaintiff hereby incorporates by reference in this Paragraph the allegations contained in Paragraphs 1 through 46 of this Complaint.

48.     A balance is due Roederer from Tree Star and Treister for Tree Star's and Treister's misappropriation and diversion of net profits owed to Roederer pursuant to his 50% membership interest in FlowJo.

49.     Tree Star and Treister have failed and refused to account for and pay Roederer the full amount due Roederer.  A balance is due Roederer.

50.     The exact amount due from Tree Star and Treister to Roederer can only be ascertained through an accounting.

51.     An accounting is appropriate in light of the Treister's membership interest in FlowJo and ownership of Tree Star, the manager of FlowJo, because such a complex relationship and financial dealings between the parties are sufficiently complicated to unravel them.

52.     Roederer seeks an order from this Court directing Tree Star and Treister to provide Roederer with an accounting of all amounts paid by, and received from, FlowJo.

53.     Upon conclusion of the accounting, Roederer seeks an Order from this Court ordering payment of the amount due Roederer as reflected in the accounting, plus interest.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty by Tree Star)

54.     Plaintiff hereby incorporates by reference in this Paragraph the allegations contained in Paragraphs 1 through 53 of this Complaint.

//

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR  97501

Complaint - 8

55.    Pursuant to the Operating Agreement, common law and Section 63.155 of the Act, Tree Star, as the manager of FlowJo, owed and continues to owe a fiduciary duty to the members of FlowJo, including Roederer.

56.    Tree Star, by unilaterally increasing net profit distributions to itself, reduced the net profit distributions owed to Roederer under the terms of the Operating Agreement.

57.    Tree Star breached its fiduciary duty of loyalty, honesty, objectivity, good faith and fair-dealing owed to Roederer by unilaterally increasing net profit distributions to Tree Star and, as direct result, decreasing the net profit distributions to Roederer.

58.    Tree Star's breach of fiduciary duty directly and proximately caused Roederer to suffer damages in the form of lost monetary distributions and proceeds that were contractually owed to Roederer under the Operating Agreement.

59.    Tree Star's conduct was willful and calculated to damage and oppress Roederer. Therefore, punitive damages are appropriate.

### FOURTH CLAIM FOR RELIEF
### (Common Law Oppression by Tree Star)

60.    Plaintiff hereby incorporates by reference in this Paragraph the allegations contained in Paragraphs 1 through 59 of this Complaint.

61.    Tree Star abused its position as manager of FlowJo to increase net profit distributions paid to Tree Star while reducing the distributions paid to Roederer.

62.    Tree Star's conduct was and continues to be burdensome, harsh, wrongful and a departure from the standards of fair dealing.

63.    Tree Star's actions prejudiced Roederer and constitute oppression against Roederer.

64.    As a result of Tree Star's oppressive conduct, Roederer suffered and continues to suffer damages in the form of lost monetary distributions and proceeds that were contractually owed to Roederer.

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR  97501

Complaint - 9

65.    Tree Star's conduct was willful and calculated to damage and oppress Roederer. Therefore, punitive damages are appropriate.

**WHEREFORE**, plaintiff prays for the entry of a judgment as follows:

**ON PLAINTIFF'S FIRST CLAIM FOR RELIEF**, Plaintiff Mario Roederer respectfully requests that this Court enter judgment in favor of Mario Roederer and against Adam Treister and Tree Star, Inc., jointly and severally, granting the following relief:

(a)    Damages in the amount of all funds, in excess of $250,000.00, improperly diverted and distributed to Tree Star without the consent of Roederer and owed to Roederer under the terms of the Operating Agreement;

(b)    Damages in the amount of all funds, in excess of $250,000.00, improperly diverted and distributed to Tree Star and then distributed directly to Treister, as president and owner of Tree Star; and

(c)    Damages in the amount of Roederer's expenses, reasonable attorneys' fees, other costs incurred and interest on the unpaid but owing funds due Roederer.

**ON PLAINTIFF'S SECOND CLAIM FOR RELIEF**, Plaintiff Mario Roederer requests this Court enter an Order requiring Defendants Adam Treister and Tree Star, Inc. to provide Roederer with a complete and detailed accounting that reflects (i) the date and amount of each and every distribution to Tree Star from FlowJo since 1997 and all supporting documentation; (ii) the actual monthly overhead related expenses incurred by Tree Star in the management of FlowJo since 1997 and all supporting documentation; (iii) all corporate accounting and financial records from Tree Star since 1997 and FlowJo since 2005; and (iv) the date and amount of net profits diverted through Tree Star to Treister and all supporting documentation.

**ON PLAINTIFF'S THIRD CLAIM FOR RELIEF**, Plaintiff Mario Roederer requests this Court enter judgment in favor of Mario Roederer and against Tree Star, Inc. finding that (i) Tree Star and Treister, by virtue of his receiving net profits through Tree Star,

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorney at Law*
PO Box 128
Medford, OR 97501

Complaint - 10

1   be ordered to forfeit all compensation paid to them during the time that Tree Star is found to be

2   in breach of its fiduciary duties; (ii) compensatory damages including all monetary distributions

3   and proceeds due Roederer under the terms of the Operating Agreement be paid to Roederer

4   plus interest; (iii) punitive damages for Tree Star's willful conduct be paid to Roederer; (iv)

5   Roederer recover his attorney's fees and costs incurred in bringing this action; and (v) for any

6   further relief as is appropriate.

7   **ON PLAINTIFF'S FOURTH CLAIM FOR RELIEF**, Plaintiff Mario Roederer

8   requests this Court enter judgment in favor of Mario Roederer and against Tree Star, Inc.

9   finding that (i) Tree Star and Treister, by virtue of his receiving net profits through Tree Star,

10  be ordered to forfeit all compensation paid to them during the time that Tree Star is found to

11  have oppressed Roederer; (ii) compensatory damages including all monetary distributions and

12  proceeds due Roederer under the terms of the Operating Agreement be paid to Roederer plus

13  interest; (iii) punitive damages for Tree Star's willful conduct be paid to Roederer; (iv)

14  Roederer recover his attorney's fees and costs incurred in bringing this action; and (v) for any

15  further relief as is appropriate.

16      DATED this *18* day of June, 2013.

17

18      David B. Paradis, OSB #853016

19      Brophy, Schmor, Brophy
        Paradis, Maddox & Weaver, LLP

20      Lead Attorneys for Plaintiff
        P.O. Box 128

21      Medford, OR  97501
        Telephone:   (541) 772-7123

22      Fax:         (541) 772-7249
        Email: dparadis@brophylegal.com

23

24

25

26

BROPHY, SCHMOR, BROPHY,
PARADIS, MADDOX & WEAVER, LLP
*Attorneys at Law*
PO Box 128
Medford, OR  97501