# EXHIBIT 1

DYLAN J. LIDDIARD, State Bar No. 203055 (admitted *pro hac vice*)
DALE R. BISH, State Bar No. 235390 (admitted *pro hac vice*)
JASMINE M. OWENS, State Bar No. 284914 (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dliddiard@wsgr.com

Attorneys for Defendants
Adam Treister, individually,
and Tree Star Inc., an Oregon Corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARIO ROEDERER**, individually, and on behalf of **FLOWJO, LLC**, an Oregon Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>**ADAM TREISTER**, individually, and **TREE STAR, INC.**, an Oregon corporation,<br><br>Defendants. | Case No.: 1:13-cv-01021-CL |

**AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS MARIO ROEDERER AND FLOWJO, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1-6)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Adam Treister and Tree Star, Inc. ("Tree Star," collectively "Defendants") serve these amended objections and responses to Plaintiff Mario Roederer and FlowJo, LLC's ("Plaintiffs") First Set of Interrogatories (Nos. 1-6). Defendants' investigations into the facts of this action are ongoing, and Defendants reserve the right to modify, supplement, amend, or revise these responses in

any way and at any time in light of additional information Defendants may subsequently discover.

## GENERAL OBJECTIONS

Each response provided below and any production of documents made in response to the Interrogatories are made subject to these General Objections, Objections to Instructions, Objections to Definitions, as well as subject to any specific objection to any interrogatory, without waiver of any such objection.

A. Defendants object generally to the Instructions, Definitions, and Interrogatories to the extent they purport to impose any differing or additional obligations from those imposed under the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court for the District of Oregon.

B. Defendants object to the Instructions, Definitions, and Interrogatories to the extent that they seek to encompass information protected from disclosure by the attorney-client privilege, the work product doctrine, constitutional, statutory, and/or common law rights of privacy, or any other applicable privilege, protection, or doctrine ("Privileged Information"). Defendants' responses to all or any part of any Interrogatory shall not be deemed to be a waiver by Defendants of the attorney-client privilege, work product doctrine, or any other applicable privileges or doctrines.

C. Defendants object to the Instructions, Definitions, and Interrogatories to the extent that they seek information outside Defendants' possession, custody, or control.

D. Defendants object to the Instructions, Definitions, and Interrogatories to the extent that they are compound, conjunctive, disjunctive, and/or contain subparts in contravention of the numerical limits set forth in Fed. R. Civ. P. 33(a).

E. Defendants object to the Instructions, Definitions, and Interrogatories to the extent that they do not supply a particular, relevant time period and thereby do not seek information that is relevant to the subject matter of the instant litigation or reasonably calculated to lead to the discovery of admissible evidence, and are thereby overbroad and unduly burdensome.

F.	Defendants object to the Instructions, Definitions, and Interrogatories on the grounds that they do not supply a particular, relevant geographic scope and thereby do not seek information that is relevant to the subject matter of the instant litigation or reasonably calculated to lead to the discovery of admissible evidence, and are thereby overbroad and unduly burdensome.  Unless otherwise stated, the geographic scope of Defendants' Responses to these Interrogatories is the United States.

G.	Defendants object to each Interrogatory to the extent that it purports to require Defendants to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Defendants will only disclose such information after having obtained the consent of the relevant third party and pursuant to the Stipulated Protective Order in this action.

H.	Defendants object to each Interrogatory to the extent that it seeks private, personal, confidential, and/or trade secret information or non-public, commercially sensitive research, development, technology, and/or other proprietary information of Defendants or any other person or entity.  Defendants will only disclose such information pursuant to the Stipulated Protective Order in this action.

I.	Defendants object to the Instructions, Definitions, and Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, or otherwise seek information that is neither relevant to the subject matter of the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

J.	No incidental or implied admissions are intended by the Responses herein.  The fact that Defendants have answered or objected to any interrogatory should not be taken as: (a) an admission that Defendants accepts or admits the existence of any "facts" or information set forth or assumed by such interrogatory; (b) that any particular fact, document, or thing exists, is relevant, non-privileged, or is admissible in evidence; or (c) that any statement or characterization in an interrogatory is accurate or complete.  Moreover, the fact that Defendants have answered all or part of any interrogatory is not intended to be, and shall not be construed to

be, a waiver by Defendants of any part of any objection to any interrogatory. Defendants specifically reserve all objections as to admissibility, competency, relevance, privilege, and materiality of the noted information, the right to object to the use of such information on any or all appropriate grounds, the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to such information, and the right to revise, correct, supplement, or clarify any of the following objections and responses.

   K. To the extent that Defendants produce documents to Plaintiff, such production shall be subject to Defendants' Responses and Objections to Plaintiff's Requests for Production of Documents.

   L. Defendants' responses to these Interrogatories are based on the best present recollection of events and matters that occurred in the past and Defendants' continuing investigation of the matters that are the subject of this litigation. Defendants reserve the right to supplement these answers and to rely on or use, at trial and otherwise in the litigation, subsequently discovered facts and information (including, but not limited to, information obtained in discovery), or facts and information omitted from these answers as a result of mistake, error, oversight, or inadvertence.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

   1. Defendants object to Plaintiff's demand that Defendants respond to Plaintiff's First Set of Interrogatories "within seven (7) days of service thereof." The Federal Rules of Civil Procedure explicitly reject Plaintiff's accelerated timeline and Plaintiff's attempt to impose such a timeline renders the Interrogatories per se objectionable and improper. Fed. R. Civ. P. 33(b)(2). Moreover, Defendants are gathering and reviewing information in order to respond fully to the Interrogatories and it is not reasonable for Plaintiff to expect that that process be completed within seven days. Pursuant to Fed. R. Civ. P. 33(d)(1), Defendants will produce any additional responsive documents that may be found as soon as possible, at an appropriate time that is mutually acceptable to the parties.

2. Defendants object to the definition of "You" and "Your" on the grounds that it is impermissibly compound in contravention of the numerical limits set forth in Fed. R. Civ. P. 33(a) because it groups together Adam Treister and Tree Star, and thereby seeks two responses from distinct parties. Defendants are only able to offer a joint substantive response to the extent an interrogatory has been or will be answered via joint document production under Fed. R. Civ. P. 33(d)(1). Defendants further object to the definition of "You" and "Your" to the extent it is defined to include "predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by each, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf." This purports to require the provision of information not within Defendants' possession, custody, or control. Defendants further object to this definition to the extent that it seeks to encompass Privileged Information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all intellectual property that You claim any rights to, including, but not limited to, all software versions and upgrades, names of the property, any application or registration numbers associated with the property, any licenses or assignments related to the property, and any reasons for claim of ownership.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein. Defendants object that this Interrogatory does not seek information that is relevant to the subject matter of the instant litigation or reasonably calculated to lead to the discovery of admissible evidence, and is thereby vastly overbroad and unduly burdensome. Defendants each have rights to innumerable pieces of intellectual property, and only a very small subset of that intellectual property has any bearing on the instant litigation. Plaintiff is free to propound interrogatories directed to the

intellectual property that it contends is actually relevant to this dispute. Defendants further object to this Interrogatory on the grounds that it is impermissibly compound in contravention of the numerical limits set forth in Fed. R. Civ. P. 33(a) because it asks two different parties to (1) identify all intellectual property in which they claim any rights, (2) provide narrative descriptions of the claim of ownership for each of those innumerable, distinct pieces of intellectual property, and (3) identify all licenses or assignments related to those innumerable, distinct pieces of intellectual property. It is impermissible for Plaintiff to seek all of this information from two different parties in a single Interrogatory, but Plaintiff is free to propound additional interrogatories requesting this information in a non-compound manner.

**INTERROGATORY NO. 2:**

List separately gross revenues and net revenues for each version of software, revenue generated by quarter for each version, amount of revenue paid to Treister from each software version and the dates it was paid, and amount of revenue paid to Roederer from each version of software and dates paid.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein. Defendants object that this Interrogatory is premature because Defendants do not maintain records that separately identify the quarterly revenue derived from each version of the FlowJo software or the related disbursements, and Defendants' contentions regarding the revenue it derived from each version of the FlowJo software and the related disbursements will be the subject of expert discovery.

Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Defendants will answer or produce pursuant to Fed. R. Civ. P. 33(d) all non-privileged documents or things in their possession and control responsive to this Interrogatory if such documents or things are located after a reasonable and diligent search at their earliest convenience and within the time allocated by the Federal Rules of Procedure.

**INTERROGATORY NO. 3:**

Name all officers, directors, employees, representatives, agents, consultants, attorneys and other persons acting on Your behalf since 2007, and their last known position(s), address and phone number.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein. Defendants further object to this Interrogatory on the grounds that it is impermissibly compound in contravention of the numerical limits set forth in Fed. R. Civ. P. 33(a) because it groups together Adam Treister and Tree Star, and thereby seeks two responses from distinct parties

Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Responsive information in the possession, custody, or control of Tree Star may be found at Exhibit A attached hereto, which is designated CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY.

**INTERROGATORY NO. 4:**

Identify all bank accounts, investment accounts, equity holdings and investment holdings for Adam Treister, Tree Star, Inc., FlowJo, LLC, FlowDx, LLC, Flourish, LLC and MyCyte, their balances, and their activity sheets since 2007.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein. Defendants object that this Interrogatory requires the provision of information not within Defendants' possession, custody, or control. FlowDX, LLC, Flourish, LLC, and MyCyte are distinct corporate entities that are not parties to this lawsuit.

Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Defendants will answer or produce pursuant to Fed. R. Civ. P. 33(d) all non-privileged documents or things in their possession and control responsive to this Interrogatory if such

documents or things are located after a reasonable and diligent search at their earliest convenience and within the time allocated by the Federal Rules of Procedure.

**INTERROGATORY NO. 5:**

Identify all payments, invoices and expenses paid to any business affiliated with Martina Treister, or her individually, by or on behalf of Tree Star, Inc., FlowJo, LLC, FlowDx, LLC, or Flourish, LLC, and reasons for those payments.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein.  Defendants object that this Interrogatory requires the provision of information not within Defendants' possession, custody, or control. FlowDX, LLC, and Flourish, LLC are distinct corporate entities that are not parties to this lawsuit

Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Defendants will answer or produce pursuant to Fed. R. Civ. P. 33(d) all non-privileged documents or things in their possession and control responsive to this Interrogatory if such documents or things are located after a reasonable and diligent search at their earliest convenience and within the time allocated by the Federal Rules of Procedure.

**INTERROGATORY NO. 6:**

Identify all payments, invoices and expenses paid to FlowDx, LLC and Flourish, LLC by or on behalf of Tree Star, Inc., FlowJo, LLC, or Treister, and reasons for those payments.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants incorporate by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein.

Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Defendants will answer or produce pursuant to Fed. R. Civ. P. 33(d) all non-privileged documents or things in their possession and control responsive to this Interrogatory if such

documents or things are located after a reasonable and diligent search at their earliest convenience and within the time allocated by the Federal Rules of Procedure.

Dated:  January 17, 2014                                WILSON SONSINI GOODRICH & ROSATI
                                                        Professional Corporation


                                                        By: */s/ Dylan J. Liddiard*
                                                            Dylan J. Liddiard
                                                            dliddiard@wsgr.com

                                                        Attorneys for Defendants
                                                        Adam Treister, individually, and Tree Star Inc.,
                                                        an Oregon Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2014, Defendants' Amended Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants (Nos. 1-6) was served on the following counsel of record by U.S. and electronic mail:

Adam Wolek
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: awolek@thompsoncoburn.com

David B. Paradis
Brophy Schmor LLP
201 W. Main Street
Suite 5
Medford, OR 97501
(541) 772-7123
Fax: (541) 772-7249
Email: dparadis@brophylegal.com

Kalpesh Shah
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: kshah@thompsoncoburn.com

James Oakley
Thompson Coburn LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-782-1030
Email: joakley@thompsoncoburn.com

Thomas J. Hayes
Thompson Coburn LLP
55 E. Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500

Fax: 312-580-2201
Email: thayes@thompsoncoburn.com

Todd A. Rowden
Thompson Coburn, LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: trowden@thompsoncoburn.com

*Counsel for Plaintiffs*

                                                              By: */s/ Dylan J. Liddiard*
                                                                   Dylan J. Liddiard