EXHIBIT 2

DYLAN J. LIDDIARD, State Bar No. 203055 (admitted *pro hac vice*)
DALE R. BISH, State Bar No. 235390 (admitted *pro hac vice*)
JASMINE M. OWENS, State Bar No. 284914 (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: dliddiard@wsgr.com

Attorneys for Defendants
Adam Treister, individually,
and Tree Star Inc., an Oregon Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARIO ROEDERER**, individually, and on behalf of **FLOWJO, LLC**, an Oregon Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>**ADAM TREISTER**, individually, and **TREE STAR, INC**., an Oregon corporation,<br><br>Defendants. | CASE NO.:  1:13-cv-01021-CL<br><br>**ADAM TREISTER AND TREE STAR, INC. DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS MARIO ROEDERER AND FLOWJO, LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

**AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS MARIO ROEDERER AND FLOWJO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-46)**

Pursuant to Federal Rule of Civil Procedure 34, Defendants Tree Star, Inc. and Adam Treister (collectively "Defendants"), by and through its undersigned counsel, hereby responds to Plaintiff Mario Roederer and FlowJo, LLC's ("Plaintiffs") First Set of Requests for Production of Documents to Defendants (hereinafter referred to collectively as "Requests").  Defendants' investigation into the facts of this action is ongoing, and Defendants reserve the right to modify,

-1-                                                                                6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

supplement, amend, or revise these responses in any way and at any time in light of additional information Defendants may subsequently discover.

## GENERAL OBJECTIONS

The following General Objections ("General Objections") are incorporated into Defendants' responses to Plaintiffs' Definitions, Instructions, and each individual document Request as if set forth fully therein.

A.      Defendants object to the Requests, Definitions, and Instructions, and to the extent that they impose any differing or additional obligations from those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Oregon (the "Court"), other applicable rules, or any order of the Court.

B.      Defendants object to the Requests, Definitions, and Instructions on the grounds that no relevant time period is supplied therein.  This omission renders each of the Requests overbroad and unduly burdensome, and seeks information that is neither relevant to the subject matter of the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

C.      Defendants object to each Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, constitutional, statutory, and/or common law rights of privacy, or any other applicable privilege, protection, or doctrine ("Privileged Information").  Any inadvertent disclosure of documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection is not intended and should not be construed as a waiver of such privilege, immunity, or protection.  Upon being notified of any inadvertent production of any such documents by Defendants, Plaintiffs shall promptly return or destroy the specified document or information (including all copies) and may not use or disclose the information contained therein.

D.      Defendants object to each Request to the extent that it seeks the production of documents that are not in the possession, custody, or control of Defendants.

-2-                                                                        6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

E.      Defendants object to each Request to the extent that it is unreasonably cumulative and duplicative, including to the extent that they seek information that is duplicative of information sought by Plaintiffs through other discovery requests.

F.      Defendants object to each Request to the extent that it purports to require Defendants to produce documents in violation of a legal or contractual obligation of nondisclosure to a third party.  Defendants will only produce such documents after having obtained the consent of the relevant third party and after the entry of a Stipulated Protective Order in this action.

G.      Defendants object to each Request to the extent that it seeks private, personal, confidential, and/or trade secret information or non-public, commercially sensitive research, development, technology, and/or other proprietary information of Defendants or any other person or entity.  Defendants will only produce such information after the entry of a Stipulated Protective Order in this action.

H.      Defendants object generally to the Requests, Definitions, and Instructions on the grounds of undue burden and expense to the extent that they seek discovery of electronically stored information from sources that are not reasonably accessible.

I.      Defendants object generally to Plaintiffs' use of undefined terms and instructions.

J.      Defendants objects to each Request to the extent that it is vague and ambiguous, oppressive, overly broad, unduly burdensome, or subjects Defendants to undue and unnecessary expense in responding to the demands contained therein.

K.      No incidental or implied admissions are intended by the responses herein.  The fact that Defendants have answered or objected to any Request should not be taken as: (a) an admission that Defendants accept or admit the existence of any "facts" or documents set forth or assumed by such Request; (b) that any particular fact, document, or thing exists, is relevant, non-privileged, or is admissible in evidence; or (c) that any statement or characterization in a Request is accurate or complete.  Moreover, the fact that Defendants have answered all or part

-3-                                                                  6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

of any Request is not intended to be, and shall not be construed to be, a waiver by Defendants of any part of any objection to any Request.

L.      In providing these responses to the Requests, Defendants do not waive and hereby reserve the right to assert any and all objections to the admissibility into evidence at trial or in any other proceeding, of any document produced or referred to in response to these Requests on any and all grounds.

M.      Defendants' agreement to produce documents in response to any Request does not mean that responsive documents exist; it means only that Defendants will perform a reasonable search for responsive documents.  Defendants will respond to the Requests with documents located after a reasonable search.  Any production of documents or other information responsive to the Requests at any time shall only be to the extent that such documents are in the possession, custody, or control of the Defendants, are not privileged, and can be located through reasonable search efforts.  Any such production will be governed by any discovery agreements between the parties, the Federal Rules of Civil Procedure, and any protective order entered in this case.

N.      Defendants' responses are based upon information presently available to and located by Defendants and its attorneys.  The responses given herein are without prejudice to Defendants' right to revise or supplement these responses if further investigation or discovery so dictates.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants incorporate by reference as though fully set forth herein its objections to the Instructions and Definitions from Plaintiffs' First Set of Interrogatories to Defendants.

2.      Defendants object to Instruction No. 6, which purports to specify the information that Defendants must include on its privilege log.  Plaintiffs' specifications impose on Defendants discovery obligations that are beyond those imposed by the Federal Rules of Civil Procedure and other applicable law, and are overly broad, unduly burdensome, and

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo, LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

oppressive, because they would impose obligations beyond what is adequate and sufficient for Defendants' proper invocation of any privilege, protection, or doctrine.  Defendants further object on the ground that this Instruction would require the disclosure of Privileged Information.  Defendants will submit an appropriate privilege log at an appropriate time that is mutually acceptable to the parties for all documents or portions thereof that are not produced on the grounds of any applicable privilege, protection, or doctrine.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1:

All documents identified, referenced or relating to your answers to Plaintiffs' First Set of Interrogatories.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

### DOCUMENT REQUEST NO. 2:

All documents referring to, relating to, used or reviewed in answering the Complaint and asserting the Affirmative Defenses.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

### DOCUMENT REQUEST NO. 3:

All documents relating to or referencing the negotiation, drafting and/or execution of the agreement executed by Roederer and Treister on or about June 23, 1997.

### RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome.  Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

**DOCUMENT REQUEST NO. 4:**

All documents relating to or referencing the negotiation, drafting and/or execution of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome. Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

**DOCUMENT REQUEST NO. 5:**

All documents relating to or referencing Treister's and/or Roederer's initial capital contribution of their respective interests in FlowJo flow cytometry software and all improvements thereto to FlowJo, LLC, as set forth in Paragraph 2.2 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 6:**

All documents relating to or referencing the negotiation, drafting and/or execution of the Assignments of Intellectual Property identified in Paragraph 2.2 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome. Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

**DOCUMENT REQUEST NO. 7:**

All documents relating to, referencing and/or evidencing any capital accounts maintained by or for Treister and/or Roederer as set forth in Paragraph 2.4 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this Request as unduly burdensome as to documents relating to, referencing and/or evidencing any capital accounts maintained by Mario Roederer since all documents requested are in Plaintiffs' possession and/or control. Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to, and without waiving the foregoing objections, Defendants respond to this Request as follows:

Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 8:**

All documents relating to or referencing regular, annual and/or special meetings as set forth in Paragraphs 3.1 and 3.2 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 9:**

All financial documents, general ledger(s), balance sheets, income statements, statements of cash flow, including but not limited to all such documents reflecting all receipts and payments, prepared by or on behalf of Tree Star, Inc. from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 10:**

All financial documents, general ledger(s), balance sheets, income statements, statements of cash flow, including but not limited to all such documents reflecting all receipts and payments, prepared by or on behalf of FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 11:**

All documents relating to or referencing any accountant and/or financial consultant who prepared or assisted in the preparation of any financial documents and/or statements, including but not limited to tax returns, for Tree Star, Inc. and/or FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this Request to the extent it calls for information that is not in the possession, custody, or control of Defendants. Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 12:**

All documents reflecting or referencing any assets including but not limited to intellectual property arising under patent, copyright, or trademark owned by FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

6041020_1.docx

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 13:**

All documents reflecting or referencing any assets including but not limited to intellectual property arising under patent, copyright, or trademark owned by Tree Star, Inc. from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 14:**

All documents relating to or referencing any payment, transfer of funds, loans, dividends, and/or distributions of any type from Tree Star, Inc. to Treister and/or Roederer from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to this Request as unduly burdensome as to documents referencing any payment, transfer of funds, loans, dividends, and/or distributions of any type from Tree Star, Inc. to Mario Roederer since all documents requested are in Plaintiffs' possession and/or control.

Subject to, and without waiving the foregoing objections, Defendants respond to this Request as follows:

Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 15:**

All documents relating to or referencing any payment, transfer of funds, loans, dividends, and/or distributions of any type from FlowJo, LLC or any predecessor thereto whether formally organized or not to Tree Star, Inc., Treister and/or Roederer from 1997 through the present.

6041020_1.docx

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to this Request as unduly burdensome as to documents referencing any payment, transfer of funds, loans, dividends, and/or distributions of any type from FlowJo, LLC to Mario Roederer since all documents requested are in Plaintiffs' possession and/or control.

Subject to, and without waiving the foregoing objections, Defendants respond to this Request as follows:

Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 16:**

All documents you claim evidence Roederer's awareness of and/or consent to any increase(s) in any payments, including but not limited to the distributions of net profits from FlowJo, LLC or any predecessor thereto whether formally organized or not to Tree Star, Inc. from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to this Request to the extent that it calls for legal conclusions and interpretation.  Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 17:**

All documents, including but not limited to written consents, relating to or referencing any and all actions taken pursuant to Paragraph 3.10 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to this Request as vague, ambiguous, and uncertain as to whose actions the Request refers to.  Defendants further object to this Request to the extent that it seeks

materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

**DOCUMENT REQUEST NO. 18:**

All documents relating to and/or referencing each increase in the distributions of net profits from FlowJo, LLC or any predecessor thereto whether formally organized or not to Tree Star, Inc. from 1997 through the present including but not limited to communications between Treister and Roederer.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 19:**

All documents in any way related to payments to Tree Star, Inc. by FlowJo, LLC for operating and/or management related expenses incurred by Tree Star, Inc. in its role as Manager of FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 20:**

All documents relating to, referencing and/or evidencing any costs incurred by Tree Star, Inc. in any way related to the payments by FlowJo to Tree Star, Inc. referenced in Request No. 19.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is vague and ambiguous to the extent that it does not explain the intended meaning of "costs . . . related to payments by FlowJo to Tree Star."

6041020_1.docx

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

**DOCUMENT REQUEST NO. 21:**

All documents relating to, referencing and/or evidencing any and all capital expenditures, including those identified in Paragraph 4.6.2(b) of the FlowJo, LLC Operating Agreement, made by Tree Star, Inc. on behalf of FlowJo, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 22:**

All documents relating to, referencing and/or evidencing all costs, including but not limited to salaries, bonuses, hourly employee payroll, consultant fees, operational costs, marketing and advertising costs, and software development costs, incurred by Tree Star, Inc. from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 23:**

All documents relating to, referencing and/or evidencing all costs including but not limited to salaries, bonuses, hourly employee payroll, consultant fees, operational costs, marketing and advertising costs, and software development costs, Tree Star, Inc. contends it incurred in the operation and management of FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6041020_1.docx

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo, LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 24:**

All documents relating to, referencing and/or evidencing all costs, including but not limited to salaries, bonuses, hourly employee payroll, consultant fees, operational costs, marketing and advertising costs, and software development costs, incurred by FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 25:**

All documents related to any employees and/or independent contractors employed and/or contracted by Tree Star, Inc. for sale and/or licensing of software owned by FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 26:**

All documents related to any employees and/or independent contractors employed and/or contracted by FlowJo, LLC for sale and/or licensing of software owned by FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 27:**

All documents relating to, referencing and/or evidencing payment from FlowJo, LLC to Tree Star, Inc. for reasonable compensation for services rendered by Tree Star, Inc. to FlowJo, LLC pursuant to Paragraph 4.10 of the FlowJo, LLC Operating Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 28:**

All documents relating to, referencing and/or evidencing payment from Tree Star, Inc. and/or FlowJo, LLC or any predecessor thereto whether formally organized or not to Treister from 1997 through the present including but not limited to the date and amount of every distribution paid to Treister for the aforementioned time period.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 29:**

All documents relating to, referencing and/or evidencing any payment from Tree Star, Inc. and/or FlowJo, LLC or any predecessor thereto whether formally organized or not to Roederer from 1997 through the present, including but not limited to the date and amount of every payment to Roederer for the referenced time period.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 30:**

All documents relating to or referencing the salary, sales draws and/or any applicable bonuses paid to any employee or independent contractor employed and/or contracted by or on behalf of FlowJo, LLC or any predecessor thereto whether formally organized or not for the sale and/or licensing of any FlowJo, LLC related products from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 31:**

All documents relating to or referencing the salary, sales draws and/or any applicable bonuses paid to any employee or independent contractor employed and/or contracted by Tree Star, Inc. from 1997 through the present for the sale and/or licensing of Tree Star, Inc. related products.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 32:**

A copy of any and all contracts and/or licensing agreements entered into by or on behalf of FlowJo, LLC or any predecessor thereto whether formally organized or not and any customer and/or client for the use of any FlowJo, LLC or flow cytometry related products from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 33:**

All cancelled checks and/or wire transfer records relating to the payment of funds from FlowJo, LLC or any predecessor thereto whether formally organized or not to Tree Star, Inc. from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 34:**

All cancelled checks and/or wire transfer records relating to the payment of funds from FlowJo, LLC, or any predecessor thereto whether formally organized or not, or Tree Star, Inc. to Roederer from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

6041020_1.docx

**DOCUMENT REQUEST NO. 35:**

All cancelled checks and/or wire transfer records relating to the payment of funds from FlowJo, LLC, or any predecessor thereto whether formally organized or not, or Tree Star, Inc. to Treister from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 36:**

All documents relating to, referencing, or evidencing distributions to be paid to Treister and Roederer from Tree Star, Inc. from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to this Request as unduly burdensome as to documents referencing any distributions to Roederer are in Plaintiffs' possession and/or control.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 37:**

All documents relating to, referencing, or evidencing distributions to be paid to Treister and Roederer from FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to this Request as unduly burdensome as to documents referencing any distributions to Roederer are in Plaintiffs' possession and/or control.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 38:**

Copies of all state and federal tax returns filed by or on behalf of Tree Star, Inc. from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 39:**

Copies of all state and federal tax returns filed by or on behalf of FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 40:**

All documents relating to, referencing and/or evidencing actual sales of FlowJo, LLC related products including flow cytometry software from 1997 through the present and sales forecasts of FlowJo, LLC related products including flow cytometry software from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to this Request on the grounds that it is vague and ambiguous because it does not explain the meaning of "FlowJo, LLC related products."

**DOCUMENT REQUEST NO. 41:**

All documents relating to, referencing and/or evidencing any accounts receivable or accounts payable held by FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

-18-    6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

**DOCUMENT REQUEST NO. 42:**

All documents related to, referencing and/or evidencing any and all customers of FlowJo, LLC or any predecessor of FlowJo, LLC whether formally organized or not from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 43:**

All documents relating to, referencing and/or evidencing any business plan or proposed business plan developed by or on behalf of FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 until the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Defendants are available to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 44:**

All documents relating to or referencing Tree Star, Inc.'s resignation as the Manager of FlowJo, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks materials and information that are protected by the attorney-client privilege or subject to the work product doctrine.

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 45:**

All documents relating to or referencing any organizational or management chart for Tree Star, Inc. and/or FlowJo, LLC or any predecessor thereto whether formally organized or not from 1997 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Subject to its general and specific objections, Defendants will conduct a reasonable search and produce relevant, non-privileged documents in their possession, custody or control.

**DOCUMENT REQUEST NO. 46:**

Any and all other documents or communications, not otherwise produced, that Tree Star, Inc. and/or Treister intend to use at trial in the matter.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to this Request as premature.  Subject to and without waiving its general and specific objections, Defendants are willing to meet and confer with Plaintiffs' counsel concerning this Request.


Dated:  January 17, 2014                    WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation



                                            By: */s/ Dylan J. Liddiard*
                                                 Dylan J. Liddiard
                                                 dliddiard@wsgr.com

                                            Attorneys for Defendants
                                            Adam Treister, individually; and Tree Star,
                                            Inc., an Oregon Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2014, Defendants' Amended Responses and

Objections to Plaintiffs Mario Roederer and FlowJo, LLC's  First Set of Request for Production

of Documents (Nos. 1-46) was served on the following counsel of record by U.S. and electronic

mail:

Adam Wolek
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: awolek@thompsoncoburn.com

David B. Paradis
Brophy Schmor LLP
201 W. Main Street
Suite 5
Medford, OR 97501
(541) 772-7123
Fax: (541) 772-7249
Email: dparadis@brophylegal.com

Kalpesh Shah
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: kshah@thompsoncoburn.com

James Oakley
Thompson Coburn LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-782-1030
Email: joakley@thompsoncoburn.com

Thomas J. Hayes
Thompson Coburn LLP
55 E. Monroe Street - 37th Floor

-21-                                                6041020_1.docx
Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL

Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: thayes@thompsoncoburn.com

Todd A. Rowden
Thompson Coburn, LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: trowden@thompsoncoburn.com

*Counsel for Plaintiffs*

By: */s/ Dylan J. Liddiard*
       Dylan J. Liddiard

6041020_1.docx

Defendants' Amended Responses and Objections to Plaintiffs Mario Roederer and FlowJo,
LLC's First Set of Requests for the Production of Documents
Case No.: 13-cv-01021-CL