JOSEPH E. KELLERMAN, OR State Bar No. 921997
**HORNECKER COWLING HASSEN & HEYSELL**
717 Murphy Road
Medford, OR 97504
Telephone:  (541) 779-8550
Facsimile:  (541) 773-2635
Email: jek@roguelaw.com

DYLAN J. LIDDIARD, CA State Bar No. 203055 (admitted *pro hac vice*)
DALE R. BISH, CA State Bar No. 235390 (admitted *pro hac vice*)
JASMINE M. OWENS, CA State Bar No. 284914 (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: dliddiard@wsgr.com

Attorneys for Defendants and Counter-claimants
Adam Treister, individually, and Tree Star Inc.,
an Oregon Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **MARIO ROEDERER**, individually, and on behalf of **FLOWJO, LLC**, an Oregon Limited Liability Company<br><br>                    Plaintiffs,<br><br>      v.<br><br>**ADAM TREISTER**, individually, and **TREE STAR, INC**., an Oregon corporation,<br><br>                    Defendants.<br>_____<br>**ADAM TREISTER**, individually, and **TREE STAR, INC**., an Oregon corporation,<br><br>                    Counter-claimants.<br>      v.<br><br>**MARIO ROEDERER**, individually.<br><br>                    Counter-defendant.<br>_____ | CASE NO.:  1:13-cv-01021-CL<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br><br>**JURY DEMAND** |

Defendants and Counter-claimants Tree Star, Inc. ("Tree Star") and Adam Treister ("Treister"), individually as a Defendant and on behalf of FlowJo, LLC as a counter-claimant (collectively, "Defendants and Counter-claimants"), by and through their attorneys, hereby jointly answer the First Amended Complaint ("FAC") of Plaintiff and Counter-defendant Mario Roederer ("Roederer") as follows:

### Parties, Jurisdiction and Venue

1.  Admit.

2.  Admit.

3.  Admit.

4.  Defendants and Counter-claimants admit that Tree Star is a citizen of Oregon, but deny that Tree Star is currently the manger of FlowJo, LLC.  Roederer is currently the manager of FlowJo, LLC and will continue to serve in that capacity until February 7, 2014, at which time FlowJo, LLC Roederer's term as manager will end.

5.  Admit.

6.  Admit.

### Allegations Common to All Counts

### The 1997 Agreement

7.  Admit.

8.  Admit that under the 1997 Agreement, gross revenue earned from FlowJo licensing was paid directly to Tree Star.  Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 8 of the FAC.

9.  Admit

10. Deny.

### FlowJo, LLC Operating Agreement

11. Admit that Exhibit A purports to be a true and correct copy of the FlowJo, LLC Operating Agreement.  Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 11 of the FAC.

12. Admit.

13. Admit that Treister executed the FlowJo Operating Agreement in his personal capacity and separately executed the Operating Agreement on behalf of Tree Star in the capacity he then held (but no longer holds) as President of Tree Star.  Deny that Treister executing the Operating Agreement in his personal capacity bound Tree Star in any way or created any contractual obligations for Tree Star.  Deny that Treister executing the Operating Agreement in his then capacity as President of Tree Star created any contractual obligations for Tree Star other than those specifically enumerated in the Operating Agreement.

14. Admit.

15. Admit that the following text appears at section 4.6.1 of the Operating Agreement: "The Manager shall not have the authority to, and covenants and agrees that the Manager shall not, do any of the following acts without the unanimous consent of the members: (a) Knowingly do any act in contravention of this Agreement or without the consent of the members as requires by this Agreement; (b) Knowingly do any act which would make it impossible to carry on the ordinary business of the Company, except as otherwise provided in this Agreement . . ." Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 15 of the FAC.

16. Paragraph 16 calls for a legal conclusion that does not require a response.  To the extent the paragraph contains allegations requiring a response, Defendants and Counter-claimants deny the allegations.

17. Admit that the following text appears at section 4.10 of the Operating Agreement: "The Manager shall be entitled to reasonable compensation for its services, as may be determined from time to time by the members." Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 17 of the FAC.

18. Admit that the following text appears at Article 6 of the Operating Agreement: "All items of income, gain, loss, deduction, and credit shall be allocated among all members in proportion to each member's respective ownership interests. Annual, monthly, or other interim distributions shall be payable to the members according to the members' respective ownership interest, as determined in the sole discretion of the Manager; provided, however, that no distribution shall render the LLC insolvent or otherwise unable to satisfy debts as they may come due." Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 18 of the FAC.

19. Deny.

### Treister's and Tree Star's [Allegedly] Unilateral and [Allegedly] Unauthorized Distributions to Tree Star

20. Deny.

21. Deny.

22. The allegation in this paragraph is not specific as to time period and, on that basis, is denied.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

### Tree Star's [Alleged] Conversion of FlowJo's [Alleged] Intellectual Property

45. Deny.

46. Deny.

47. Admit that the following text appears in section 1.6 of the Operating Agreement: "The Company is being formed for the purpose of the development, ownership, marketing, and distribution of flow cytometry software. In addition, the Company shall have the authority to do

all things necessary or convenient to accomplish its purpose." Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 47 of the FAC.

48. Admit that Tree Star filed federal trademark application serial no. 85538359 for the FLOWJO trademark, covering the following goods and services: "Computer software platforms for the analysis of Flow Cytometry Data." Defendants and Counter-claimants deny the remaining allegations as set forth in paragraph 48 of the FAC.

49. Deny. In application serial no. 85538359, Tree Star claimed a first use date of July 1, 1994 and a first use in commerce date of June 1, 1995.

50. Admit.

51. Deny.

52. Admit.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

## Count I
### (Breach of Contract)

58. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 57 above, inclusive, as through fully set forth herein.

59. Paragraph 59 calls for a legal conclusion that does not require a response. To the extent the paragraph contains allegations requiring a response, Defendants and Counter-claimants deny the allegations.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

## Count II
### (Accounting)

69. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 68 above, inclusive, as through fully set forth herein.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Defendants and Counter-claimants lack sufficient knowledge to admit or deny the allegations as set forth in paragraph74 of the FAC and on that basis deny them.

75. Defendants and Counter-claimants lack sufficient knowledge to admit or deny the allegations as set forth in paragraph75 of the FAC and on that basis deny them.

## Count III
### (Breach of Fiduciary Duty)

76. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 75 above, inclusive, as through fully set forth herein.

77. Paragraph 77 calls for a legal conclusion that does not require a response.  To the extent the paragraph contains allegations requiring a response, Defendants and Counter-claimants deny the allegations.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

## Count IV
### (Common Law Oppression by Tree Star)

83. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 82 above, inclusive, as through fully set forth herein.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

## Count V
### (Unjust Enrichment)

89. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 88 above, inclusive, as through fully set forth herein.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

## **Count VI**
## **(Constructive Trust)**

99. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 98 above, inclusive, as through fully set forth herein.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

109. Deny.

## **Count VII**
## **(Conversion)**

110. Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 109 above, inclusive, as through fully set forth herein.

111. Deny.

112. Deny.

113.  Deny.

114.  Deny.

115.  Deny.

116.  Deny.

### Count VIII
**(Declaratory Judgment Regarding Ownership of Intellectual Property [allegedly] by FlowJo, LLC)**

117.  Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 116 above, inclusive, as through fully set forth herein.

118.  Admit that a dispute has arisen regarding the ownership of certain intellectual property. Deny that there is any merit to Roederer's claims.

119.  Deny.

120.  This allegation is ambiguous and unclear because it is not possible to discern what is meant by "FlowJo's products and intellectual property."  Accordingly, Defendants and Counter-claimants lack sufficient knowledge to admit or deny the allegations as set forth in paragraph 120 of the FAC and on that basis deny them.

121.  Deny.

122.  Deny.

### Count IX
**(Cancellation of Tree Star's Federal Trademark Registration Based on [Alleged] Mistake of Ownership)**

123.  Defendants and Counter-claimants incorporate by reference their responses to paragraphs 1 through 122 above, inclusive, as through fully set forth herein.

124.  Admit that plaintiffs correctly quote an excerpt of 15 U.S.C. § 1119.

125.  Deny.

126.  Deny.

127.  Deny.

**Count X**
**(Copyright Infringement by Tree Star)**

128.  Defendants and Counter-claimants incorporate by reference their responses to

paragraphs 1 through 127 above, inclusive, as through fully set forth herein.

129.  Deny.

130.  Deny.

131.  Deny.

132.  Deny.

133.  Deny.

134.  Deny.

**Count XI**

**(False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a) by Tree Star)**

135.  Defendants and Counter-claimants incorporate by reference their responses to

paragraphs 1 through 134 above, inclusive, as through fully set forth herein.

136.  This paragraph is not a complete sentence and is therefore ambiguous and unclear.

Accordingly, Defendants and Counter-claimants lack sufficient knowledge to admit or deny the

allegations as set forth in paragraph 136 of the FAC and on that basis deny them.

137.  Deny.

138.  Deny.

139.  Deny.

**Count XII**
**(Preliminary Injunction)**

140.  Defendants and Counter-claimants incorporate by reference their responses to

paragraphs 1 through 139 above, inclusive, as through fully set forth herein.

141.  Deny.

142.  Deny.

143.  Deny.

144.  Deny.

145.  Deny.

146.  Deny.

## ANSWER TO PRAYER FOR RELIEF

147.  Defendants and Counter-claimants deny that Roederer is entitled to any of the relief that he seeks in his prayer for relief or otherwise.

## GENERAL DENIAL

148.  Defendants and Counter-claimants further deny any of the allegations in the FAC which are not specifically admitted in the responses set forth above.

## AFFIRMATIVE DEFENSES

149.  Defendants and Counter-claimants allege the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds. Defendants and Counter-claimants do not hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Roederer bears the burden.

### FIRST AFFIRMATIVE DEFENSE

150.  Roederer's claims are barred, in whole, or in part, because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

151.  Roederer's claims are barred, in whole, or in part, by the equitable doctrines of waiver, acquiescence, estoppel, and laches.  Roederer concedes that he waited over five and a half years

before filing suit to contest what he claims were unlawful modifications to the payments he received from FlowJo, LLC and Tree Star. Having slept on his purported rights, Roederer is barred from pursuing the claims asserted in the FAC.

### THIRD AFFIRMATIVE DEFENSE

152. Roederer's claims are barred, in whole, or in part, by the doctrine of unclean hands. As described in Defendants and Counter-claimants' counter-claims, Roederer, *inter alia*, acted to divert customers from Tree Star and cause customers to breach their contracts with Tree Star and, despite his actual and constructive knowledge of Tree Star's superior trademark rights, unlawfully distributed software under the FLOWJO trademark. Moreover, Roederer has disregarded his fiduciary duty as manager of FlowJo, LLC. Having committed these unlawful acts, Roederer is barred from pursuing the claims asserted in the FAC.

### COUNTERCLAIMS

Defendants and Counter-claimants assert the following counterclaims against Plaintiff and Counter-defendant Roederer. Each of the counterclaims is brought on behalf of one defendant individually, not both collectively. Defendants and Counter-claimants allege as follows on personal knowledge as to their own actions and on information and belief as to the actions of others:

### PARTIES

1. Mario Roederer ("Roederer") is an individual and citizen of Washington D.C.

2. FlowJo, LLC is a limited liability company organized under the laws of Oregon.

3. Adam Treister ("Treister") is an individual and citizen of Ashland, Oregon.

4. Tree Star, Inc. ("Tree Star") is a corporation organized under the laws of Oregon with its principal place of business in Ashland, Oregon.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338.  This Court also has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (i) there is complete diversity of citizenship and (ii) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as against each Counter-defendant.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims as well as jurisdiction under 28 U.S.C. § 1338(b) because the state law claims are joined to a substantial and related trademark claim.

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) because a substantial portion of the events giving rise to these counterclaims occurred within this District, because Treister and Tree Star are citizens of this District and are therefore subject to personal jurisdiction therein, and because Roederer has filed suit against Treister and Tree Star in this District and thereby submitted to the personal jurisdiction therein.

## STATEMENT OF FACTS

7.  Beginning at least as early as June 1, 1995, Tree Star marketed flow cytometry software and related services under the FLOWJO trademark.  Since that date, Tree Star has continuously used the FLOWJO mark in connection with its business in licensing flow cytometry software.

8.  On, or about, June 1, 1995 until January 2, 2014, no other individual or entity, including Roederer and FlowJo, LLC, has used the FLOWJO trademark in commerce in connection with flow cytometry software and/or related services.

9.  Indeed, from June 1, 1995 until January 2014, neither Roederer nor FlowJo, LLC ever used the FLOWJO mark in commerce in connection with any goods or services.

10. On or about January 2, 2014, Roederer surreptitiously modified a file referenced by Tree Star's FLOWJO flow cytometry software in order to redirect users of that software who were looking for updates for that software to www.flowscape.org/FlowJo/Download_FlowJo.html (the "Flowscape page"), a webpage owned and operated by Roederer.

11. On the Flowscape page, Roederer offers a link to download software that he describes as the "latest version of FlowJo." That software is also flow cytometry software.

12. Roederer marketed software on the Flowscape page using the FLOWJO mark despite his actual and constructive knowledge of Tree Star's long-standing trademark rights and Tree Star's federal trademark registration for the FLOWJO mark. Notwithstanding Tree Star's demand that Roederer remove this infringing material, Roederer continues to use the Flowscape page to offer software under the FLOWJO mark.

13. After consumers expressed confusion about the source of the software offered by Roederer on the Flowscape page under the FLOWJO mark, Roederer contacted thousands of consumers, including many of Tree Star's customers, and falsely claimed that he had the right to offer software under the FLOWJO mark and that the software he is offering on the Flowscape page is legitimate FLOWJO software.

14. All existing users of Tree Star's FLOWJO software have entered into an End User License Agreement ("EULA") with Tree Star wherein those users pay Tree Star for the right to use the FLOWJO software subject to certain terms and conditions.

15. The software offered by Roederer via the Flowscape page contains a modified EULA listing FlowJo, LLC as the licensor. Accordingly, users that downloaded and installed the software offered by Roederer via the Flowscape page entered into a EULA with Roederer that purports to allow those users to utilize software marketed under Tree Star's FLOWJO mark. Roederer's modified EULA thereby disrupts Tree Star's existing contractual relationship with users of Tree Star's FLOWJO software.

16. Since assuming the position of manager of FlowJo, LLC, in derogation of his fiduciary duty in that role, Roederer has taken no actions to further FlowJo, LLC's corporate purpose or to

otherwise benefit, aid, or assist FlowJo, LLC.  Despite repeated requests from FlowJo, LLC

member Treister, Roederer has not developed any business plans for FlowJo, LLC.  Indeed, since

assuming the position of manager, Roederer has not taken any action to operate any business

within FlowJo, LLC's corporate structure, has not hired any employees to run any business, and

has not called a single meeting to discuss, plan, or conduct FlowJo, LLC's business operations.

## <u>COUNT I</u>
**(Infringement of Registered Trademarks, 15 U.S.C. § 1114 on behalf of Tree Star)**

17. Tree Star realleges and incorporates by reference paragraphs 1 through 16 above,

inclusive, as through fully set forth herein.

18. Tree Star is the owner of federal trademark registration number 4,205,910 for the mark

FLOWJO covering "Computer software platforms for the analysis of Flow Cytometry Data."

19. Roederer has used in commerce, without Tree Star's consent, a mark that is identical to

Tree Star's FLOWJO mark and that, taking into account the extremely similar commercial

activities of the parties and other factors, are likely to cause confusion, deception, or mistake

among consumers.

20. Roederer's unauthorized use of the FLOWJO mark has damaged Tree Star and the

business and goodwill symbolized by Tree Star's FLOWJO mark.

21. As a consequence of Roederer's infringement of Tree Star's FLOWJO mark, Tree Star

is entitled to an injunction as set forth below, an order of destruction of all of Roederer's

infringing materials, Roederer's profits, Tree Star's damages, and Tree Star's costs of actions.

22. Because this is an exceptional case, involving calculated and willful misconduct by

Roederer, Tree Star is entitled to recover treble damages, treble profits, and attorneys' fees.

## COUNT II

**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a) on behalf of Tree Star)**

23. Tree Star realleges and incorporates by reference paragraphs 1 through 22 above, inclusive, as through fully set forth herein.

24. Roederer's acts described above, including its use in commerce of marks that are identical to Tree Star's FLOWJO mark are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Roederer's goods and services.  Further, Roederer's acts described above constitute false representations of fact that are also likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Roederer's goods and services.

25. Roederer's unauthorized use of the "FlowJo" name as a trademark has damaged Tree Star and the business and goodwill symbolized by Tree Star's FLOWJO mark.

26. As a consequence of Roederer's violation of Tree Star's rights, Tree Star is entitled to an injunction as set forth below, an order of destruction of all of Roederer's infringing materials, Roederer's profits, Tree Star's damages, and Tree Star's costs of actions.

27. Because this is an exceptional case, involving calculated and willful misconduct by Roederer, Tree Star is entitled to recover treble damages, treble profits, and attorneys' fees.

## COUNT III

**(Common Law Trademark Infringement on behalf of Tree Star)**

28. Tree Star realleges and incorporates by reference paragraphs 1 through 27 above, inclusive, as through fully set forth herein.

29. Roederer's acts as described above, including its use in commerce of a mark that is identical to Tree Star's FLOWJO mark are likely to cause confusion, mistake, or deception as to the source sponsorship, affiliation, or approval of Roederer's goods and services.  Further,

Roederer's acts described above constitute false representations of fact that are also likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Roederer's goods and services.

30. Roederer's acts as described above, including but not limited to its continued use of the FLOWJO mark, constitute trademark infringement under Oregon common law.

31. As a consequence of Roederer's violations of Tree Star's rights, Tree Star is entitled to an injunction as set forth below, an order of destruction of all of Roederer's infringing materials, Roederer's profits, Tree Star's damages, and Tree Star's costs of action.

<u>**COUNT IV**</u>
**(Tortious Interference with Contract on behalf of Tree Star)**

32. Tree Star realleges and incorporates by reference paragraphs 1 through 31 above, inclusive, as through fully set forth herein.

33. Prior to January 2, 2014, Tree Star had an existing contractual relationship with users of its FLOWJO software.  That contractual relationship was embodied by the EULA between Tree Star and users of its FLOWJO software.

34. Roederer is (and was) fully aware of this existing contractual relationship between Tree Star and users of Tree Star's FLOWJO software.

35.  By unlawfully offering software on the Flowscape page using Tree Star's FLOWJO mark, Roederer caused Tree Star's users to enter into a contract with Roederer that purports to abrogate the pre-existing contract between Tree Star and its users.

36. Roederer intentionally utilized an infringing trademark identical to Tree Star's FLOWJO mark in order to confuse consumers into entering into a contract with Roederer that disrupts the existing contractual relationship between those users and Tree Star.

37. Roederer intentionally sought to disrupt the existing contractual relationship between Tree Star and its users in order to damage Tree Star's business and establish an independent business relationship with Tree Star's users.

38. Tree Star has suffered substantial harm as a result of Roederer's tortious interference with Tree Star's existing contractual relationship with its users, including reputational harm, lost current revenues, and lost future revenues.

39. As a result of Roederer's tortuous interference, Tree Star is entitled to recover actual damages, profits, and attorneys' fees.

## COUNT V
### (Breach of Fiduciary Duty on behalf of Treister)

40. Treister realleges and incorporates by reference paragraphs 1 through 16 above, inclusive, as through fully set forth herein.

41. As manager of FlowJo, LLC, Roederer owes a fiduciary duty to FlowJo, LLC member Treister to responsibly manage FlowJo, LLC and operate a business to further the corporate purpose of FlowJo, LLC and benefit the members of FlowJo, LLC.

42. Since assuming the position of manager of FlowJo, LLC, in derogation of that fiduciary duty in that role, Roederer has taken no actions to further FlowJo, LLC's corporate purpose or to otherwise benefit, aid, or assist FlowJo, LLC or its members.

43. Despite repeated requests from FlowJo, LLC member Treister, Roederer has not developed any business plans for FlowJo, LLC.  Moreover, Roederer has not taken any action to operate any business within FlowJo, LLC's corporate structure, has not hired any employees, and has not called a single meeting to discuss, plan, or conduct FlowJo, LLC's business operations.

44. As a consequence of Roederer's breach of fiduciary duty Treister is entitled to damages and equitable relief in an amount to be decided at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Tree Star respectfully requests this Court:

A. Preliminarily and permanently enjoin Roederer and all others in active concert or participation with him from:

    a.   using directly or indirectly, in connection with any goods, services, or commercial activities, the FLOWJO mark, or any other trademark, service mark, or trade name that imitates or simulates, or is otherwise confusingly similar to, Tree Star's FLOWJO mark;

    b.   using any other false designations of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or the public into believing that Roederer's activities are in any way sponsored, licensed, authorized by, or affiliated or connected with Tree Star; and

    c.   engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or injure, Tree Star, its business, or the goodwill related to Tree Star's business or Tree Star's FLOWJO mark;

B. Order Roederer to deliver for destruction all media, signs, prints, advertising, packaging, products, labels, wrappers, receptacles, boxes, cartons, forms, tags, patches, printed materials, and promotional materials in his possession or control that bear the FLOWJO mark;

C. Order Roederer to discontinue the use of the FLOWJO mark on websites, social media accounts, electronic mail addresses, and other electronic media;

D. Order Roederer to engage in corrective advertising at his own expense to the extent necessary to correct any misperceptions resulting from its unlawful acts complained of above;

E. Order Roederer to account to Tree Star for its profits derived from the use of the FLOWJO mark and order that Tree Star recover its damages arising out of the aforesaid acts of infringement in a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(b);

F. Order Roederer to pay damages to Tree Star for the revenue Tree Star has lost as a result of the aforesaid acts of tortious interference with contact;

G. Order Roederer to file with the Court and to serve on counsel for Tree Star within 30 days of the entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which it has complied with any injunction which the Court may enter in this action;

H. Order the USPTO to cancel and invalidate any trademark registration issued to Roederer covering Roederer's use of the FLOWJO mark, or any other mark that that imitates or simulates, or is otherwise confusingly similar to Tree Star's FLOWJO trademark.

I. Award Tree Star reasonable attorneys' fees and costs and disbursements incurred by Tree Star as a result of Roederer's intentional infringement, pursuant to 15 U.S.C. § 1117(a);

J. Order that Roederer take nothing from its FAC;

K. Award such other and further relief to Tree Star as the Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Tree Star demands a jury trial on all claims and issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Treister respectfully requests this Court:

A. Award damages and equitable relief in an amount to be proven at trial.

B. Order that Roederer take nothing from its FAC;

C. Award such other and further relief to Tree Star as the Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Treister demands a jury trial on all claims and issues so triable.

Respectfully submitted,

Dated:  January 23, 2014          WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation

Answer to First Amended Complaint and Counterclaims
Case No.: 13-cv-1021

By: */s/ Dylan J. Liddiard*
    Dylan J. Liddiard
    dliddiard@wsgr.com

Attorneys for Defendants and Counter-claimants
Adam Treister, individually; and Tree Star, Inc., an Oregon Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2014, the foregoing document was

electronically filed with the Court and served on the following counsel of record by using the

CM/ECF:

Adam Wolek
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: awolek@thompsoncoburn.com

David B. Paradis
Brophy Schmor LLP
201 W. Main Street
Suite 5
Medford, OR 97501
(541) 772-7123
Fax: (541) 772-7249
Email: dparadis@brophylegal.com

Kalpesh Shah
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: kshah@thompsoncoburn.com

James Oakley
Thompson Coburn LLP
55 East Monroe Street - 37th Floor

Answer to First Amended Complaint and Counterclaims
Case No.: 13-cv-1021

Chicago, IL 60603
312-346-7500
Fax: 312-782-1030
Email: joakley@thompsoncoburn.com

Thomas J. Hayes
Thompson Coburn LLP
55 E. Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: thayes@thompsoncoburn.com

Todd A. Rowden
Thompson Coburn, LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: trowden@thompsoncoburn.com

*Counsel for Plaintiffs*

By: */s/ Dylan J. Liddiard*
      Dylan J. Liddiard

Answer to First Amended Complaint and Counterclaims
Case No.: 13-cv-1021