# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| MARIO ROEDERER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13 CV 1021 |
| ADAM TREISTER, individually, and TREE STAR, INC., an Oregon corporation; | ) ) ) ) |
| Defendants. | ) ) |

## STIPULATED PROTECTIVE ORDER

Based on the stipulation of the Parties herein and good cause appearing, the Parties have agreed on the following protective order regarding records that may contain confidential or sensitive information, including but not limited to trade secrets:

## GOOD CAUSE STATEMENT

The prosecution and defense of the claims in this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the Parties or third parties to be non-public, personal financial or other confidential information, or involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is useful and justified in this matter. It is

Exhibit 1
Page 1 of 9

the intent of the Parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. This Protective Order is thus entered into for good cause shown.

## TERMS OF PROTECTIVE ORDER

This Protective Order is intended to protect from disclosure documents and information the Parties deem to be confidential in accordance with applicable law and rules. Documents and information so designated may only be disclosed or used as further provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated by and among the Parties to this Action, through their respective counsel and subject to the approval of this Court, as follows:

1. In connection with pretrial discovery proceedings in this Action, a Party providing or producing information in any form ("Producing Party") to another Party ("Receiving Party"), including documents and/or all materials within the scope of Federal Rule of Civil Procedure Rule 34, electronically stored information ("ESI"), tangible things, written discovery responses, answers to requests to admit, and testimony, may designate such items as "CONFIDENTIAL" based on a good faith belief that such items are confidential under this Order and are not otherwise in the public domain.

2. The designation "CONFIDENTIAL" shall be limited to information that the Producing Party reasonably believes contains:

    (a) Trade secret, intellectual property, or other confidential research, development, or commercial information; and/or

    (b) Personal information of a private or sensitive matter including, but not limited to, nonpublic financial information regarding the Parties.

3. All "CONFIDENTIAL" documents and/or all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, along with items or portions thereof that are so designated and the information contained in the documents and other materials: Shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order:

    (a) Shall be used solely for the purpose of the preparation and trial of this Action;

    (b) Shall not be used, directly or indirectly, by any Party for any business, commercial, or competitive purpose, and

    (c) No person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraph 11. Any other use is prohibited.

4. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

5. All documents claimed protected by any Party shall be designated as "CONFIDENTIAL" by the Parties. All confidential documents shall be maintained in strict confidence for the use only by the Parties, their counsel of record, their direct employees assisting in the action, court reporters, experts and consultants retained by the counsel of record in connection with this action, and the Court.

6. In the course of pursuing such purposes, such material may be disclosed to any of the following described Persons if, and only if, prior to any such disclosure occurring, the Person to whom disclosure is contemplated, executes a Statement of Prospective Recipient of

Confidential Material, attached hereto to as Exhibit A:

    (a)    A prospective deposition witness whose deposition has been noticed for a period of at least ten (10) days in advance of the disclosure; and

    (b)    A Person who at the time of the disclosure is testifying at his/her deposition or in a court proceeding in the Lawsuit;

    (c)    Experts, consultants and investigators who are retained on behalf of a Party for purposes relating to the Action;

    (d)    Any Person described above who receives CONFIDENTIAL material shall not (i) use such material for any purpose prohibited by this Stipulated Protective Order or (ii) disclose any such material to any other person or entity.

    (e)    An executed, original of each Statement of Prospective Recipient of Confidential Material shall be retained by an attorney of record for the Party on behalf of which CONFIDENTIAL material has been disclosed to a Person described in Sub-Paragraphs (a) through (d).

    (f)    An attorney who has retained a Statement of Prospective Recipient of Confidential Material executed by a person described above in Sub-Paragraphs (a) through (d) shall, upon request, deliver a copy of each such statement to the attorney for an adverse Party at the conclusion of this Action.

7.    Stamping the legends "CONFIDENTIAL" on the cover of any multi-page document or ESI shall designate all parts of the document or ESI as such unless otherwise stated by the Producing Party. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. If documents or ESI are produced preliminarily for the purpose of inspection and designation for copying and have not been marked "PRIVILEGED" or "CONFIDENTIAL" before inspection by the Receiving Party, such inspection shall be made only by counsel of record for the Receiving Party and the associates, paralegals, and secretaries of said counsel who are actively engaged in assisting such counsel in this Action.

5784546.1

- 4 -

Exhibit 1
Page 4 of 9

8. In the event that any Party objects to the designation of any document or information as "CONFIDENTIAL" the objecting Party shall provide written notice of the objection to the Producing Party, specifying the materials that are the subject of the objection. The Producing Party will have 7 business days to respond in writing. The Parties shall confer in good faith in an effort to resolve the objection within ten days of the Producing Party's written response. Any documents in dispute shall be treated as originally designated pending resolution by the Court.

9. Either Party may also designate information as "FOR ATTORNEYS' EYES ONLY," in which case such information may only be reviewed by counsel. Either Party may also designate information as "FOR PROFESSIONALS' EYES ONLY," in which case such information may only be reviewed by counsel or retained, non-party experts. All provisions of this Agreed Protective Order which apply to "Confidential Information" shall also apply to information produced as "FOR ATTORNEYS' EYES ONLY" or "FOR PROFESSIONALS' EYES ONLY," except to the extent inconsistent with this paragraph 9.

10. Upon the termination of this action, the requesting party shall return the documents marked "CONFIDENTIAL," "FOR ATTORNEYS' EYES ONLY" or "FOR PROFESSIONALS' EYES ONLY" to the other party or destroy the original and all copies of all such aforementioned records obtained in the course of this action, with no copies retained.

11. Notwithstanding anything to the contrary which may be set forth herein, a party may apply to the Court at any time for an order: (a) granting a modification of this Order; (b) determining that the material designated as confidential should not be subject to this Order; and (c) granting additional protective relief with respect to any confidential documents.

12. The clerk of the court is directed to maintain under seal all documents that are

designated in whole or in part as "CONFIDENTIAL".

13. All documents that have been designated as confidential will be placed in an envelope that is marked "Confidential Subject to Protective Order – This Envelope Not to be Opened Nor Contents Revealed Except by Order of the Court or by Agreement of the Parties." At the conclusion of the action, such documents will be placed in an envelope for disposition as directed by the court or by agreement of the Parties.

14. Upon request of the Producing Party, within sixty (60) days after the final disposition of all claims and defenses in this Action, by settlement or expiration of time to appeal ("Final Disposition"), all documents designated as "CONFIDENTIAL" and all materials produced by a Party that contain "CONFIDENTIAL" information, including all extracts, reproductions, and summaries of such information, shall be destroyed or returned to counsel for the Producing Party or its counsel. Such destroyed or returned materials shall include any pages of the deposition transcripts containing confidential information, but counsel for the Producing Party agrees to maintain a full set of deposition transcripts and exhibits containing confidential information for a period of seven years following the Final Disposition. Such destroyed or returned materials shall not include attorneys' notes or work product. Counsel of record for the Parties also shall be entitled to retain a set of all documents filed with the Court or presented at trial, related Exhibits, a full set of non-confidential deposition transcripts, and all correspondence generated in connection with this Action. Counsel for each Party shall certify that the provisions of this Paragraph have been satisfied by sending opposing counsel a letter confirming compliance within the sixty (60) day period. The Parties agree to direct the court reporters to keep copies of the deposition transcripts.

15. This Order shall apply to all Parties to this action, and the terms of this Order shall survive and remain in full force and effect after the termination of this action. Any retained experts shall be given a copy of this Order.

IT IS SO ORDERED this _9_ day of _September_, 2013.

ENTER: _/s/_

AGREED:

| **MARIO ROEDERER** | **ADAM TREISTER** and **TREE STAR, INC.** |
|---|---|
| /s/ Todd A. Rowden | /s/ Bernard S. Moore |
| One of His Attorneys | One of Their Attorneys |
| | |
| Todd A. Rowden | Bernard S. Moore |
| Raymond J. Stewart | Frohnmayer Deatherage Jamieson Moore |
| Thomas J. Hayes |    Armosino & McGovern, P.C. |
| THOMPSON COBURN LLP | 2592 E. Barnett Road |
| 55 E. Monroe Street, 37th Floor | Medford, OR 97504 |
| Chicago, IL 60603 | 541.779.9333 |
| ARDC No. 6201929 | |
| 312.346.7500 | |
| | |
| David B. Paradis | |
| Brophy Schmor Brophy Paradis Maddox | |
|    & Weaver, LLP | |
| 201 W. Main Suite 5 | |
| Medford, OR 97501 | |
| 541.772.7123 | |

Exhibit "A"
To
Stipulated Protective Order

Statement of Prospective Recipient of
Confidential Material

I, _____, hereby acknowledge and agree:

1. I have read the Stipulated Protective Order and I understand the terms of that agreement, and I have been furnished a copy of that agreement for my records.

2. I understand that that agreement pertains to CONFIDENTIAL material furnished in connection with proceedings in a lawsuit identified as: *Mario Roederer v. Adam Treister and Tree Star, Inc.,* pending in the United States District Court for the District of Oregon, Medford Division as Case No. 13 CV 1021.

3. I anticipate becoming involved in proceedings related to that lawsuit and, as part of the involvement, having material identified as CONFIDENTIAL being disclosed to me.

4. I hereby agree to be bound by the previsions of the Stipulated Protective Order and to accord to all CONFIDENTIAL material the confidentiality and protection from disclosure required by that agreement.

5. I consent to the jurisdiction of the United States District Court for the District of Oregon, Medford Division, for the sole purpose of enforcing the Stipulated Protective Order and this Statement of Prospective Recipient of Confidential Material.

6. I agree that promptly following a request by any Party who furnishes to me any CONFIDENTIAL material, I will deliver to that Party (i) all such material and (ii) all copies, reproductions, extracts, abstracts, notes, and summaries of the contents of such material.

7. I understand that a violation of the terms of the Stipulated Protective Order and this Statement of Prospective Recipient of Confidential Material; might subject me to sanctions for contempt of court or other sanctions.

8. The words and terms that are defined in the Stipulated Protective Order when used in this Statement of Prospective Recipient of Confidential Material shall have the same meaning as they have in the Stipulated Protective Order.

So agreed:

Dated: _____, 20\_\_\_\_  Signature: _____

Printed Name: _____

Name of
Employer: _____

Employer's
Address: _____

Employer's
Telephone No. _____

Residence
Telephone No. _____