JOSEPH E. KELLERMAN, OR State Bar No. 921997
**HORNECKER COWLING HASSEN & HEYSELL**
717 Murphy Road
Medford, OR 97504
Telephone:  (541) 779-8550
Facsimile:   (541) 773-2635
Email: jek@roguelaw.com

DYLAN J. LIDDIARD, CA State Bar No. 203055 (admitted *pro hac vice*)
DALE R. BISH, CA State Bar No. 235390 (admitted *pro hac vice*)
JASMINE M. OWENS, CA State Bar No. 284914 (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: dliddiard@wsgr.com


Attorneys for Defendants
Adam Treister, individually,
and Tree Star Inc., an Oregon Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARIO ROEDERER**, individually, and on behalf of **FLOWJO, LLC**, an Oregon Limited Liability Company<br><br>                    Plaintiffs,<br><br>         v.<br><br>**ADAM TREISTER**, individually, and **TREE STAR, INC**., an Oregon corporation,<br><br>                    Defendants. | CASE NO.:  1:13-cv-01021-CL<br><br>**TREE STAR'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PRELIMINARY INJUNCTION PENDING RESOLUTION OF APPEAL**<br><br>Expedited Hearing Requested |

Tree Star, Inc. ("Tree Star" or the "Company") respectfully requests that the Court stay its March 5, 2014 Order Granting Plaintiff's Motion for Preliminary Injunction (the "PI Order") to avoid imminent and extraordinary harm to the Company while defendants seek appellate review of the PI Order on an expedited basis. While the Court no doubt "believes [its] ruling was correct," it may nevertheless grant a stay while legal questions are resolved on appeal. *See Davila v. City of San Joaquin*, S-06-2691 LKK/EFB, 2008 WL 4426669 at *2 (E.D. Cal. Sept. 26, 2008); *Costco Wholesale Corp. v. Hoen*, C04-360P, 2006 WL 2645183 at *2 (W.D. Wash. Sept 14, 2006) ("common sense dictates that [the party seeking a stay of a preliminary injunction] need not persuade the court that it is likely to be reversed on appeal.").

The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Leiva–Perez v. Holder,* 640 F.3d 962, 965 (9th Cir. 2011); *Tribal Vill. of Akutan v. Hodel,* 859 F.2d 662, 663 (9th Cir.1988); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 12-CV-00630-LHK, 2012 WL 2576136 (N.D. Cal. July 3, 2012); *see also Winter v. Natural Res. Def. Council,* 555 U.S. 7, 20 (2008) (laying out four-pronged test for preliminary injunctive relief).

Respectfully, Tree Star believes it is likely to prevail on appeal because the record does not support any finding of irreparable harm, let alone one that outweighs the imminent harm to the Company.[1] And while Tree Star appreciates the Court's efforts to potentially mitigate that harm *if* the Court approves the operating budget (PI Order at 7), the Company nevertheless is in a precarious position that it should not be in given Plaintiffs' failure to meet their high burden.

The PI Order articulates three theories of irreparable harm, none of which is supported by evidence. First, the PI Order finds that FlowJo, LLC "would be irreparably harmed if

---

[1] In addition to irreparable harm, Tree Star will seek appellate review on other aspects of the Court's rulings, including whether the Federal Rules of Evidence apply to evidentiary hearings on a motion for preliminary approval (*see* Feb. 27, 2014 Transcript of Proceedings ("Tr.") at 3, 11, 145); whether individuals' alleged intent to transfer intellectual property can be sufficient to effectuate such a transfer despite the lack of any consideration given to the third party holder of the intellectual property (PI Order at 9); whether an entity could protect a trademark that it had never used (*id*. at 10); and whether money damages would be sufficient.

Defendants sold or transferred the software or related intellectual property to a different entity." PI Order at 11. However, that finding does not cite to anything in the record (*id*.) because Plaintiffs offered no evidence whatsoever that Tree Star is planning on transferring software or anything else to a third party. *Id*. And while the PI Order speculates that Plaintiffs "could be" injured by a hypothetical transfer to a hypothetical third party, the Supreme Court and Ninth Circuit have repeatedly held that it is error to grant Preliminary Injunctions on the mere "possibility" of irreparable harm. *Winter,* 555 U.S. 22 (2008) ( the "'possibility standard' is too lenient"); *see also*, *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.,* 736 F.3d 1239, 1249 (9th Cir. 2013).

      Second, the PI Order finds that Plaintiffs are likely to suffer irreparable harm if Tree Star refuses to post certain software updates to www.flowjo.com. PI Order at 11-12. Notably, this relief was not included in Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 33) and Dr. Roederer acknowledged that Tree Star has continued to post updates in late 2013 after this litigation was filed, including his Version 9.7, which he described as a "fairly major revision." Tr. at 62. Dr. Roederer testified only that Tree Star failed to post Version 9.7.3, which he described as addressing "some bug fixes." *Id*. Moreover, Dr. Roederer did not explain how Plaintiffs would be **irreparably harmed** by not having this specific version of the software posted; that he (or FlowJo) was actually injured; or that Tree Star is refusing to post additional versions in the future. *Id*. On the contrary, the record reflects that Tree Star continues to post updates of the cross-platform version of FlowJo, which is a substantially superior product than the legacy Mac-only version of FlowJo. Tr. at 202 (explaining that Version 10 is "cross-platform compatible, to Mac, PC, and Linux" that was released in May 2012 and that "this new version, this Version 10 really supports a number of things and the movement that we want to make towards processing really large amounts of data and very high content and high through-put data."). In concluding that users are harmed by Tree Star's failure to post version 9.7.3 (for Macintosh/Apple computers only), the PI Order does not address this substantial leap forward in cross-platform technology that is the future of FlowJo.

Third, the Court found Dr. Roederer may suffer irreparable harm if Tree Star "dissipates" funds that allegedly belong to him. PI Order at 12-13. The PI Order notes that, on a theory of dissipation, "**Plaintiff must establish** . . . 'that [he] will probably be unable to recover those funds,'" (*id*. at 13 (emphasis added)) but cites nothing in the record to show that Tree Star would be unable to satisfy an indeterminate judgment. For example, the PI Order does **not** find that Tree Star likely owes $10 million to Dr. Roederer but only has cash on hand of $3 million. Instead, the PI Order shifts the burden onto Defendants to show that Tree Star *could* satisfy some unknown money judgment. Not only is it legal error to shift the burden of proof onto Defendants (*California Sansome Co. v. U.S. Gypsum,* 55 F.3d 1402, 1408 n. 11 (9th Cir. 1995) ("misallocation of the burden constitutes reversible error")) but the record reflects that Dr. Roederer has received an *over* distribution of $785,649 (Tr. at 155) and that Tree Star owes nothing. With respect to unknown amounts that may accrue in the future, Defendants offered to submit to a stipulated injunction that would prevent Tree Star from distributing funds other than in the ordinary course to ensure that funds that may be owed to Dr. Roederer are not instead distributed to Mr. Treister. Defs' March 4, 2014 Ltr.; *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ( "injunctive relief should be no more burdensome to the defendants than necessary to provide complete relief to the plaintiffs").

Because the record does not support the Court's finding of irreparable harm, Tree Star respectfully submits it is likely to prevail on appeal.

With respect to the balance of hardships, the Court found credible the testimony of Tree Star's President, Dr. Michael Stadnisky, but emphasized Defendants had failed to offer specific financial statements or account documentation. PI Order at 14. As a threshold matter, the law does not stand for the proposition that credible live testimony by a witness competent in a matter should be disregarded simply because the witnesses did not bring with him supporting documentation. *See Jerden v. Amstutz*, 430 F. 3d 1231, 1239 (9th Cir. 2005) opinion amended on denial of reh'g, 04-35889, 2006 WL 60668 (9th Cir. Jan. 12, 2006) ("Lay witnesses can permissibly base opinion testimony upon their experience.").

Similarly, by emphasizing the absence of specific types of evidence, the PI Order improperly shifts Plaintiffs' high burden of proof onto Defendants. Plaintiffs could have – but did not – cross examine Dr. Stadnisky with the Company's documents if they believed he was lying about the anticipated impact of the escrow.

As Dr. Stadnisky explained under oath, Tree Star will suffer imminent and extraordinary harm absent a stay of the Court's Preliminary Injunction. Tr. at 213-14. It will be unable to grow the business and, worse, will eliminate several positions at the Company. *Id*. Courts have held a showing of irreparable harm "is met when the movant establishes that 'without a stay it is likely to suffer irreparable harm in the form of employee layoffs, immediate insolvency, and, possibly, extinction.'" *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 12-CV-00630-LHK, 2012 WL 2576136 at *8 (N.D. Cal. July 3, 2012) (citing *Standard Havens Prods. V. Gencor Indus.,* 897 F.2d 511, 515 (Fed. Cir. 1990); *see also Precision Automation v. Technical Services,* 07-CV-707-AS, 2007 WL 4480739 at *3 (D. Or. Dec. 14, 2007) (recognizing employee lay-offs as an irreparable harm).

Similarly, the balance of hardships tips heavily in favor of granting Tree Star's Motion to Stay. While Tree Star has offered evidence of irreparable harm in the form of employee layoffs (Tr. at 214), Plaintiffs' only claim of possible injury is monetary damages. However, the record reflects Dr. Roederer has been overcompensated. Because Dr. Roederer will suffer no hardship by staying the preliminary injunction, while the hardship Tree Star will suffer absent a stay is extraordinary, the balance of hardship favors granting Defendant's Motion to Stay.

Finally, the public interest firmly lies in staying the preliminary injunction. Tree Star is an important employer in its community, and also provides important technology to the scientific community used in researching cancer, flu, HIV and various other immune disease research. Tree Star has plans to grow; it plans to hire more people in the Rogue Valley; and it plans to continue providing a superior work environment with exceptional benefits to its employees. Absent a stay, Tree Star's ability to conduct business, and to provide superior technical support

and training to scientists utilizing the FlowJo software will be impaired.  Tr. at 212.  The public interest favors a stay.

As all factors favor a stay of the preliminary injunction, Defendants respectfully request to stay the preliminary injunction pending resolution of their appeal from the Court's March 5, 2014 Order granting Plaintiffs' Motion for Preliminary Injunction.

Dated:  March 11, 2014

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:      /s/ Dylan J. Liddiard
     Dylan J. Liddiard
     dliddiard@wsgr.com

Attorneys for Defendants
Adam Treister, Individually, Tree Star, Inc., an Oregon Corporation


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2014, Defendants' Memorandum in Support of Motion to Stay Preliminary Injunction was electronically filed with the Court and served on the following counsel of record by using the CM/ECF:

Adam Wolek
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: awolek@thompsoncoburn.com

David B. Paradis
Brophy Schmor LLP
201 W. Main Street
Suite 5

Medford, OR 97501
(541) 772-7123
Fax: (541) 772-7249
Email: dparadis@brophylegal.com

Kalpesh Shah
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: kshah@thompsoncoburn.com

James Oakley
Thompson Coburn LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-782-1030
Email: joakley@thompsoncoburn.com

Thomas J. Hayes
Thompson Coburn LLP
55 E. Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: thayes@thompsoncoburn.com

Todd A. Rowden
Thompson Coburn, LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312-346-7500
Fax: 312-580-2201
Email: trowden@thompsoncoburn.com

*Counsel for Plaintiffs*

By: */s/ Dylan J. Liddiard*
    Dylan J. Liddiard

Case 1:13-cv-01021-CL    Document 103    Filed 03/11/14    Page 7 of 7    Page ID#: 1301

-7-
Tree Star's Memorandum ISO Motion to Stay Preliminary Injunction Pending Resolution of Appeal
Case No.: 1-13-cv-01021